# United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

_____

No. 08-1967

_____

|  |  |  |
|---|---|---|
| Steven Robert Hirtzinger, | * | |
| | * | |
| Appellant, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | District of Minnesota. |
| | * | |
| Pinnacle Airlines, Inc., a Delaware | * | [UNPUBLISHED] |
| corporation, doing business as | * | |
| Northwest Airlink, also known as | * | |
| Express Airlines I, Inc., | * | |
| | * | |
| Appellee. | * | |

_____

Submitted: February 12, 2009
Filed: February 24, 2009

_____

Before WOLLMAN, HANSEN, and BYE, Circuit Judges.

_____

PER CURIAM.

Steven Robert Hirtzinger ("Hirtzinger") brought suit against his former employer, Pinnacle Airlines, Inc. ("Pinnacle"), arising out of allegedly defamatory statements made by Pinnacle to the Transportation Security Administration ("TSA") when investigating suspicious safety equipment discrepancies on several of its

airplanes. Hirtzinger, a flight attendant, had reported several instances of damaged safety equipment. After beginning its own investigation, Pinnacle sought the assistance of the TSA in investigating whether Hirtzinger was responsible. The Federal Bureau of Investigation (FBI) was also notified. Unknown to Pinnacle, the FBI independently decided to arrest Hirtzinger. The government indicted him on federal charges of tampering with aircraft safety equipment but dismissed all charges within a couple of months. Hirtzinger thereafter sued Pinnacle, asserting, in relevant part, state-law claims of defamation and negligent infliction of emotional distress based on Pinnacle's statements about him to the TSA.

The district court[1] granted summary judgment in favor of Pinnacle on grounds that the statements were protected by a qualified privilege. Specifically, the district court concluded that the context as a whole indicated Pinnacle's statements to the TSA were made in good faith, on a proper occasion, from a proper motive, and with reasonable or probable cause, citing Bol v. Cole, 561 N.W.2d 143, 149 (Minn. 1997). Hirtzinger argues on appeal that flaws in Pinnacle's investigation of the matter created an issue of fact on whether Pinnacle had a reasonable basis for making the allegedly defamatory statements to the TSA. The district court explained that any outstanding factual disputes were not material to its decision because no reasonable jury could find that the flaws Hirtzinger identified deprived Pinnacle of a reasonable basis for reporting its suspicions to the TSA for further investigation.

Having carefully considered the record and the applicable law, we agree with the well-reasoned and thorough opinion of the district court. Accordingly, we affirm. See 8th Cir. R. 47B.

_____

---

[1]The Honorable Patrick J. Schiltz, United States District Judge for the District of Minnesota.